IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 1 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

RONALD WILLIAMS,

   Plaintiff,

v.

THE UNIVERSITY OF CHICAGO,

   Defendant.

Case No. 04 C 5061

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Williams (hereinafter, "Plaintiff") filed a complaint against Defendant The University of Chicago (hereinafter, the "University") alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981, and 28 U.S.C. §§ 1331, 1343(a)(3). Before the Court is the University's Motion for Summary Judgment. For the following reasons, Defendant's motion **is granted**.

### I. BACKGROUND

Plaintiff, an African-American, was employed as a University Housekeeping Assistant V with the Residence Halls and Commons at Burton-Judson Hall beginning on November 3, 2003 until his termination on February 24, 2004. (Def. 56.1, Exh. 5). Plaintiff first initiated contact with the University by electronically submitting an online employment application. Plaintiff answered "no" to the question asking whether he had "pleaded [sic] guilty to

or been convicted of a crime." (*Id.*, Exh. 3). On October 6, 2003, Plaintiff interviewed with Kelleyn Gawel ("Gawel"), the University Residence Halls and Commons Manager of Operations, and James Coleman, a housekeeping supervisor. At the interview, Plaintiff signed a form consenting to a background check investigation to verify the answers on his application. (*Id.*, Exh. 4). On October 21, 2003, the University sent Plaintiff an offer letter conditioned upon a clean background check. (*Id.*, Exh. 5). On November 3, 2003, Plaintiff began work and signed his application, in which he indicated that he had never pled guilty to or been convicted of a crime. (*Id.*, Exh. 3).

The University hired third-party Hirecheck, Inc. ("Hirecheck") to perform the background check on Plaintiff. (*Id.*, Exh. 1). Hirecheck's results on December 17, 2003, showed "multiple hits" on Plaintiff's criminal history. Thereafter, the University began a more thorough investigation and placed Plaintiff on an unpaid suspension. At that time, Plaintiff voluntarily provided the University's Human Resources Department with a copy of his arrest and conviction information from the Chicago Police Department (the "CPD document") and other documents related to his criminal history. (*Id.*) Plaintiff's CPD document indicated that he had been sentenced to one-year suspension for simple battery in 1994 and was arrested three other times between 1995 and 1996. (*Id.*, Exh. 6). Plaintiff submitted to a fingerprint background check,

which confirmed the information in his criminal history. (*Id.*, Exh. 1). Subsequent to confirming the results of the background check, Gawel and a human resources manager terminated Plaintiff. On April 27, 2004, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission (the "EEOC") with respect to how he was treated during his suspension and termination. (*Id.*, Exh. 7).

Plaintiff filed this action on August 2, 2004, and the University answered on January 19, 2005. The parties conducted discovery and on September 9, 2005, the University filed a motion for summary judgment, seeking dismissal of the case in its entirety. Plaintiff is *pro se* and the University filed the required Local Rule 56.2 notice to Plaintiff informing him of their motion for summary judgment and his response burden. On September 27, 2005, Plaintiff filed a motion seeking an extension of time to respond. The Court granted Plaintiff's motion and set a modified summary judgment briefing schedule. (9/29/05 Minute Order [40-1]). Plaintiff's response was originally due on September 30, 2005, but was moved back to October 13, 2005. Thereafter, Defendant's reply was due on October 24, 2005 (which the University complied with), and the Court's oral ruling date was rescheduled from November 8, 2005 to November 29, 2005. To date, Plaintiff has not filed a response brief, a response to the University's statement of material undisputed facts, or any other

supporting documents to contest Defendant's motion for summary judgment. Therefore, the facts set forth in the University's statement of facts are deemed admitted if supported by the record. *See* L.R. 56.1(b)(3)(B).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 624 (7th Cir. 2001)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. DISCUSSION

Plaintiff's complaint alleges that the University discriminated against him based on race in violation of Title VII. The University moves for summary judgment on the ground that Plaintiff failed to produce facts sufficient to establish a prima facie case of racial discrimination.

### A. Racial Discrimination

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions,

or privileges or employment, because of such individual's race. . . ." 42 U.S.C. § 2000e-2(a)(1). There is no direct evidence that the University discriminated against Plaintiff because of his race, so Plaintiff's claim must proceed under the circumstantial evidence test. To survive summary judgment under the circumstantial evidence test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), Plaintiff must establish that: "(1) [he] was a member of a protected class; (2)[he] was meeting [the University's] legitimate expectations; (3) [he] was subjected to adverse employment action; and (4) other, similarly-situated employees who were not members of [his] protected class were treated more favorably." *Wells. v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002)(citing *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1012 (7th Cir. 2000)).

As an African-American, Plaintiff is a member of a protected class, and his unpaid suspension and termination constitute adverse employment actions. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)(defining an adverse employment action). The University asserts that Plaintiff has not proved the remaining prima facie elements. There is nothing in the record to indicate that similarly-situated employees who were not members of his protected class were treated more favorably than Plaintiff.

"To meet [the plaintiff's] burden of demonstrating that another employee is 'similarly situated,' a plaintiff must show

that there is someone who is directly comparable to [him] in all material respects." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002)(citations omitted). Here, Plaintiff's complaint and deposition testimony asserted that the University discriminated against African-Americans in other departments. However, Plaintiff failed to produce evidence of other employees who were treated more favorably. *See Cabrera v. Enesco Corp.*, No. 97 C 5546, 1998 WL 325169, at *4 (N.D. Ill. June 8, 1998) (holding that "hearsay, conjecture, or speculation" will not satisfy the evidentiary requirements of a Title VII claim).

The Court recognizes that Plaintiff proceeds *pro se*, however, he still must point to some evidence in the record to support his allegations of discrimination on summary judgment. Plaintiff did not file a response and therefore provided no evidence beyond his own conjectures to support his allegations. *See Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 377 (7th Cir. 1998). For example, Plaintiff's deposition statement that "if [he] was a white person [the University] wouldn't have put [him] through all of this," is insufficient to meet his burden. (Def. 56.1, Exh. 2 at 80); *see Oest v. Ill. Dep't of Corrections*, 240 F.3d 605, 614 (7th Cir. 2001) (stating that "occurrence[s] . . . not within [Plaintiff's] personal knowledge . . . cannot satisfy [his] evidentiary burden" without other evidence). Similarly, Plaintiff's statements referring to a University paper, the *Chicago*

*Maroon*, which allegedly chronicled the termination of certain African-American employees is not in the record and does not support Plaintiff's burden of demonstrating that other similarly-situated employees were treated more favorably. (Def. 56.1, Exh. 2 at 86). Accordingly, Plaintiff fails to establish a *prima facie* case of race discrimination.

### B. Other Claims

Plaintiff's other claims that he was accused of falsifying documents, failed to be rehired, and failed to receive severance pay because of his race, are not related to his EEOC charge of discrimination. (Comp. at 7). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. Western & S. Life Ins.*, 31 F.3d 497, 500 (7th Cir. 1994). Claims that are not expressly raised in the EEOC charge will only be recognized if they are "like or reasonably related to the allegations of the charge and grow out of such allegations." *Id.* at 500 (quotations omitted). A complaint's claims are not "reasonably related [to the EEOC charge] unless there is a factual relationship between them" that describes the "same conduct" and indicates the "same individuals." *Id.* at 501.

Plaintiff's EEOC charge states that "I was hired by Respondent as a Housekeeping Tech III on November 3, 2003. In December 2003, I was suspended. On March 2, 2004, I was terminated. I believe that I was discriminated against because of my race, Black, in

- 7 -

violation of Title VII of the Civil Rights Act of 1964, as amended." (Def.'s 56.1, Exh. 7). Plaintiff's EEOC charge specifically refers to his suspension and termination. The charge includes scant factual information besides his job title and hire, suspension, and termination dates. There is no other factual basis to find that Plaintiff's remaining claims are reasonably related. Accordingly, Plaintiff's three other claims are dismissed.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment **is granted**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: November 1, 2005